UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A GIBSON, JR.,<br><br>            Plaintiff,<br><br>     v.<br><br>A. WALINGA, et al.,<br><br>            Defendants. | Case No. 1:21-cv-01298-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED<br><br>(ECF No. 10)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Mark. A. Gibson, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff filed the complaint commencing this action on August 26, 2021. (ECF No. 1). In his original complaint, brought what the Court construed as an Eighth Amendment cruel and unusual punishment claim, a Fourteenth Amendment equal protection clause claim, and an Americans with Disabilities Act claim based on defendant Walinga insulting Plaintiff after Plaintiff was called to the gym.

On October 8, 2021, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 9). The Court gave Plaintiff thirty days to either: "a. File a First Amended Complaint; or b. Notify the Court in writing that he wants to stand on his complaint." (Id. at 8).

On November 10, 2021, Plaintiff filed his First Amended Complaint. (ECF No. 13). In his amended complaint, Plaintiff brings claims based on an improper cell search, an improper drug test, the denial of due process at the Rules Violation Report hearing, and the improper processing of an appeal.

The Court has reviewed Plaintiff's First Amended Complaint, and for the reasons described in this order will recommend that this action be dismissed.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 8), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d

677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted).  Additionally, a plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.     SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff brings two claims and alleges as follows in his First Amended Complaint:

a.   Claim 1

In his first claim, Plaintiff alleges that his due process and equal protection rights were violated, and cites to Wolff v. McDonnell, 418 U.S. 539 (1974).

On September 21, 2020, at approximately 0745, Plaintiff's cell was searched by defendant Walinga.  This was the second search in a three-day period and was not due to any suspected illegal activities.

Defendant Walinga failed to document this search in accordance with California Department of Corrections and Rehabilitation ("CDCR") policy and procedures.  No cell search receipt was provided, which was a direct violation of defendant Walinga's reporting/documentation requirements.  These requirements mandate that correctional officers document the search and provide a cell search receipt, which includes any contraband found.

Defendant Walinga was on notice that Plaintiff was requesting to be present in order to view this cell search.  Plaintiff's request was denied.  This violates Defendant(s)' own departmental regulations, as no threat was established nor was the search due to any suspected rules violation or contraband.

Plaintiff expressed that his rights were being violated, and defendant Walinga then stated, "This is prison I can go into your cell every day if I want, so shut the fuck up…."  (ECF No. 10, p. 4) (alteration in original).

Defendant Walinga then expressed that this search was due to Plaintiff's running for the Inmate Advisory Council ("IAC"), which is a body that addresses inmate concerns to upper management.  The IAC and its members are frequent targets of correctional staff and are seen

as adversaries.

Plaintiff was at all times compliant. Defendant(s) should have known, due to being trained in cell search procedures and CDCR regulations that clearly outline officer's duties while searching and documenting searches, that defendant Walinga violated Plaintiff's right to receive a cell search receipt and a notice of contraband.

Defendant Walinga then proceeded to escort Plaintiff and his cellmate to the Facility C Gym for random drug testing.

Defendant Walinga, without the aid of any other staff, asked Plaintiff for his and his cellmate's prison identification card, which has his name on it. Defendant Walinga then stated, "you don't look like a Gibson, you look like a pisa." (Id.). Pisa is a derogatory word used to describe Mexican Americans. Defendant Walinga then looked at Plaintiff's picture then back at Plaintiff and asked, "what the fuck is wrong with your ear, looks like Mike Tyson bit it off." (Id.). Defendant Walinga then laughed aloud with his co-workers.

Defendant and Senior Hearing Officer, John Doe 1, denied Plaintiff his procedural due process protections by failing to dismiss the Rules Violation Report ("RVR") for violations of the cell search policy and procedures associated with proper notification when contraband is found by a CDCR Officer, for failure to include that Plaintiff and his cellmate were also "tested" by the same officer who conducted the unlawful cell search, and for failure to properly document his involvement, and for failure to document the existence of another officer.

      b. Claim 2

In his second claim, Plaintiff alleges that he was subjected to retaliation in violation of the First Amendment.

Plaintiff was served an RVR on September 22, 2021, as a result of the cell search by defendant Walinga. Plaintiff was denied witnesses and questions on October 5, 2020, by defendant Doe 1. Plaintiff timely requested these witnesses.

Defendant Doe 1 refused to document or notice that defendant Walinga failed to document a cell search receipt, which was required. No contraband was noticed or documented, nor was the fact that defendant Walinga escorted and "tested" both Plaintiff and

4

his cellmate in the Facility C Gym.

Defendant Walinga violated cell search policy, failed to document contraband according to policy, and failed to include it in his report. The report was used to take away good time credits and privileges from Plaintiff.

Defendant Walinga tested and collected urine samples from both inmates, in violation of Plaintiff's due process protections, CDCR policy, and penal code § 118.1. This required dismissal of the RVR and termination of defendant Walinga for falsification of records and evidence.

Defendant Doe 1 should have known, due to being trained in and understanding the disciplinary process, that the reports were outside departmental policy and procedures and should have dismissed the charge. Defendant Doe 1 then should have reported the employee reporting and documentation violation(s) to management and the Investigative Service Unit. This was not done.

Plaintiff attempted to access the appeals process on September 23, 2020, in order to establish his claims. The appeal was rejected on the grounds that Plaintiff had not suffered any harm, injury, or policy violations.

Plaintiff again filed an appeal after being found guilty of the RVR. Plaintiff established the issues to the best of his ability, and the appeal was accepted. Plaintiff later received notice that his appeal was considered exhausted, as the CDCR failed to respond within the time constraints.

Defendants, the Appeals Office, and the Warden, by this decision, effectively silenced Plaintiff's ability to gain redress and be free from punitive and blatant regulation violations by CDCR staff, management, and the hiring authority. Plaintiff was subjected to First Amendment retaliation.[1]

\\\

\\\

---

[1] Plaintiff asks the Court to take jurisdiction over his state law claims, but he does not bring any state law claims.

### III. ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

#### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," Hansen, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

### A. Fourteenth Amendment Equal Protection Clause

The equal protection clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir.

2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class, Hartmann, 707 F.3d at 1123 Furnace, 705 F.3d at 1030, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008), Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008), North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

"[T]he disabled do not constitute a suspect class" for equal protection purposes. Does 1-5 v. Chandler, 83 F.3d 1150, 1155 (9th Cir. 1996).

It is not clear, but it appears that Plaintiff is bringing an equal protection clause claim based on the allegation that defendant Walinga used a derogatory word to refer to how he looks and then insulted his ear.

However, as with his prior complaint, Plaintiff does not sufficiently allege that he was treated differently than similarly situated individuals. Although he claims that defendant Walinga used a derogatory name for him related to his race and insulted his ear, he does not allege that he was denied access to any service or program, or otherwise discriminated against. Plaintiff only complains of verbal harassment that occurred on one occasion, and as a general rule, "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (alterations in original) (citation and internal quotation marks omitted), overruled in part on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008)). See also Weaver v. Williams, 2018 WL 446721, at *7 (E.D. Cal. Jan. 17, 2018), report and recommendation adopted sub nom. Weaver v. Williams, 2018 WL 2230037 (E.D. Cal. Feb. 26, 2018) (claims of verbal harassment, including the use of racial slurs, "fail to state viable claims for relief" under section 1983).

There are also no allegations suggesting that the comments allegedly made by defendant

Walinga were unusually gross even for a prison setting, that they were calculated to cause psychological damage to Plaintiff, or that they did cause psychological damage to Plaintiff.

Accordingly, Plaintiff fails to state an equal protection claim against defendant Walinga.[2]

### B. Processing of Appeals

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (alteration in original) (quoting Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

As Plaintiff does not have a liberty interest in the processing of his appeals, the Court finds that Plaintiff failed to state a claim based on his allegations that his appeals were not appropriately processed. To the extent prison officials failed to process Plaintiff's appeals, that may allow Plaintiff to proceed in court without fully exhausting administrative remedies. But poor processing of appeals is not an independent constitutional violation.

To the extent that Plaintiff is attempting to bring a retaliation claim against the Appeals Officer Reviewer or Warden because they failed to properly process Plaintiff's appeals in

---

[2] Plaintiff does not appear to be bringing a retaliation claim based on these allegations, but to the extent that he is, his claim fails. There are five basic elements to a First Amendment retaliation claim: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). While Plaintiff alleges that the search was conducted because Plaintiff is running for the IAC, there are no allegations suggesting that is why defendant Walinga insulted Plaintiff. Moreover, even if it was, there are no allegations suggesting that the insults chilled the exercise of Plaintiff's First Amendment rights.

retaliation, there are no factual allegations to suggest that either of these defendants failed to properly process Plaintiff's appeal because Plaintiff engaged in protected conduct.

Accordingly, Plaintiff's claims based on the alleged improper processing of his appeals fail.

### C. Challenge to Plaintiff's RVR

Plaintiff also raises several challenges to his Rules Violation Report and associated guilty finding and punishments.

"[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citations and internal quotation marks omitted).

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. This "favorable termination rule" preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of confinement or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750-751 (2004). Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82.

The Supreme Court extended the favorable termination rule to prison disciplinary proceedings. Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); Nettles v. Grounds, 830 F.3d 922, 927-29 (9th Cir. 2016).

As to the remainder of Plaintiff's claims, it appears that they cannot proceed because they challenge a finding that extended the duration of his confinement. Plaintiff alleges that

10

defendant Walinga subjected him to a search and a drug test in a manner that violated CDCR policies and procedures, which led to an RVR. Plaintiff further alleges that Defendant Doe 1 should have dismissed the RVR because defendant Walinga violated CDCR policies and procedures. Additionally, defendant Doe 1 denied Plaintiff witnesses and questions at the RVR hearing. As a result, Plaintiff lost privileges and good time credits. (ECF No. 10, p. 6) (Plaintiff alleges that a "[r]eport [written by defendant Walinga was] utilized to forfeit 'good time credits,' privledges," and that he was found guilty of the RVR) (errors in original).

Thus, in both his retaliation claim and due process claim, Plaintiff is challenging the validity of the RVR, and alleges that the RVR should have been dismissed. As Plaintiff is challenging the validity of an RVR in which he lost good time credits, success in this action would necessarily imply the invalidity of the duration of Plaintiff's confinement. Accordingly, these claims are Heck barred. If Plaintiff wishes to bring these claims, "[h]e must seek federal habeas corpus relief (or appropriate state relief)…." Dotson, 544 U.S. at 78. If Plaintiff's habeas challenge is successful, he may then bring his claims pursuant to section 1983.

### D.     RECOMMENDATIONS AND ORDER

The Court recommends that this action be dismissed without granting Plaintiff further leave to amend. In the Court's prior screening order, the Court identified the deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint. Plaintiff filed his First Amended Complaint with the benefit of the Court's screening order, but failed to cure the deficiencies identified by the Court. It does not appear that he can cure the deficiencies in an amended complaint. Thus, it appears that further leave to amend would be futile.[3]

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed; and
2. The Clerk of Court be directed to close this case.

---

[3] If Plaintiff believes the punishment for the RVR did not affect the duration of his sentence, including if he is serving an indeterminate sentence, he may file objections to these findings and recommendations explaining that position.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **December 27, 2021**        /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE